**Juan Bin YANG, Petitioner,**

v.

**Alberto GONZALES, Attorney General,[1] Respondent.**

**No. 03–4025–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

1. Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto Gonzales has been substituted for former Attorney General John Ashcroft.

Karen Jaffe, Law Office of Karen Jaffe, New York, NY, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri (Joel F. May, Assistant United States Attorney, on the brief), Kansas City, MO, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Juan Bin Yang, a native and citizen of the Fujian Province of China, petitions this court for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ's") decision denying Yang's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief on the basis of the IJ's adverse-credibility finding and his finding that Yang failed to state a claim of political persecution. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. In this appeal, Yang challenges only the IJ's denial of her asylum claim. Therefore, this court deems Yang's withholding of removal and CAT claims to have been abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92—93 (2d Cir.1995).

An alien may qualify for asylum if she can show that she is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A). If Yang "mounted a challenge to the legitimacy and authority of the ruling regime," she may be a refugee and entitled to asylum based on fear of persecution on account of her political views. *Zhang v. Gonzales*, 426 F.3d 540, 547 (2d Cir.2005). As in *Zhang*, it is possible that Yang's allegations were sufficient to make out a case for refugee status. The IJ did not have the benefit of *Zhang* when he decided this case and therefore did not adequately consider whether Yang's allegations on this score were credible and whether she could therefore properly be considered a refugee. Accordingly, we remand the petition to the BIA to determine whether Yang is eligible for asylum status as a political refugee.

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED.